UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD MICHAEL STRAUSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:19 CV 28 |
| | ) |
| GARY INDIANA POLICE | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION and ORDER

This matter is before the court on defendant Shannon Huffman's motion to dismiss. (DE # 42.) For the reasons that follow, the motion will be granted.

**I.     BACKGROUND**

Plaintiff Edward Strauss, proceeding *pro se*, alleges in his amended complaint that defendant Shannon Huffman conspired to deprive him of his rights by filing a false restraining order to prevent him from conducting business in the building where she works. (DE # 51 at 6.)

According to the amended complaint, on May 22, 2018, Strauss stood outside the building where Huffman works to film the building for journalistic purposes. (*Id.* at 3.) He claims that the building's security guards harassed him. (*Id.*) The following day, he went back to the building to handle an insurance matter. (*Id.*) He claims that he was again harassed by the building's security guards. (*Id.*)

Three days later, on May 25, 2018, the Indiana Department of Child Services applied for, and obtained, a temporary Workplace Violence Restraining Order, under

Indiana Code 34-26-6-1, *et. seq.*, against Strauss and on behalf of Huffman, in the Lake County Circuit Court under Cause No. 45C01-1805-PO-000142. (DE ## 44-1 - 44-2.) The temporary restraining order was periodically extended until September 4, 2018, at which time a final order was entered, making the restraining order effective until September 4, 2021. (DE ## 44-1 - 44-6.)

On June 20, 2018, Strauss returned to the building, unaware of the restraining order against him. (DE # 51 at 4.) Building security called the police. (*Id.*) Officers from the Gary Police Department arrested Strauss for violating the restraining order and for battery of one of the officers. (*Id.* at 4-5.)

Strauss' amended complaint identifies four counts. Count IV is a claim against all defendants for intentional willful and wanton misconduct, and is Strauss' only claim against Huffman. (*Id.* at 12.) The amended complaint contains one allegation against Huffman: "Huffman also conspired to deprive Strauss of his rights by filing a false restraining order to prevent him from conducting business within the building where she works despite no direct contact with her nor reference to her." (*Id.* at 6.)

Huffman now move to dismiss Strauss' claim against her, on the basis that this court lacks jurisdiction over his claim, and that the amended complaint fails to state a claim upon which relief may be granted. The court first focuses on Huffman's argument that this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine (discussed in more detail below), as it must be considered first and is dispositive. *Wright v. Tackett,* 39 F.3d 155, 157–58 (7th Cir. 1994) (analysis of

2

jurisdictional principals implicated by *Rooker-Feldman* doctrine must precede other substantive matters).

## II.     LEGAL STANDARD

The question of subject matter jurisdiction falls under Rule 12(b)(1). A Rule 12(b)(1) motion can present either a facial or factual challenge to subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebucks & Co.*, 572 F.3d 440, 443-44 (7th Cir. 2009). A facial attack is a challenge to the sufficiency of the pleading itself. *Id.* at 443. When such a challenge has been presented, the court takes all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Id.* at 444. "In contrast, a factual challenge lies where 'the complaint is formally sufficient but the contention is that there is *in fact* no subject matter jurisdiction.'" *Id.* at 444 (internal citation omitted) (emphasis in original). "The law is clear that when considering a motion that launches a factual attack against jurisdiction, '[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (internal citation omitted).

Huffman's challenge is best understood as a factual challenge. *See e.g. Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999) (in deciding *Rooker-Feldman* issue, court could look beyond allegations in the complaint to determine whether subject matter jurisdiction existed); *Remer v. Burlington Area Sch. Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (same). Moreover, the district court may take judicial notice of matters of

3

public record, including court documents filed in an earlier lawsuit. *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492–93 (7th Cir. 2011); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

### III. DISCUSSION

Huffman alleges that this court lacks jurisdiction under the *Rooker-Feldman* doctrine, which derives its name from two decisions of the United States Supreme Court, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine deprives federal district courts of subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The *Rooker-Feldman* doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court." *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014). The pivotal inquiry in applying the doctrine is whether the federal plaintiff seeks review and alteration of a state court judgment or whether he is presenting an independent claim. *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 2510, 206 L. Ed. 2d 464 (2020); *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018).

The *Rooker-Feldman* doctrine applies "even when plaintiffs allege that the state court judgment was obtained through the defendants' bad faith action", *id.*, unless the

alleged bad faith action was taken independent of the court proceedings. *See Iqbal v. Patel*, 780 F.3d 728, 730 (7th Cir. 2015) ("Because Iqbal seeks damages for activity that (he alleges) predates the state litigation and caused injury independently of it, the *Rooker–Feldman* doctrine does not block this suit."). "The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it." *Sykes v. Cook Cty. Circuit Court Probate Div.*, 837 F.3d 736, 742 (7th Cir. 2016).

Strauss' claim against Huffman is precisely the type of claim routinely barred under the *Rooker-Feldman* doctrine because a finding in favor of Strauss would necessarily call into question the state court's finding that the restraining order was warranted. Strauss' only claim against Huffman is that she submitted false information to obtain the restraining order against Strauss. Strauss' only injury, as it pertains to his claim against Huffman, stems directly from the state court's issuance of the restraining order. Strauss' claim against Huffman invites this court to examine and pass judgment on the state court's ruling. This court has no jurisdiction to conduct such a review.

Strauss argues that his claim is not subject to the *Rooker-Feldman* doctrine because he "is not asking this court at this point to determine if the order was placed in error and over turn it. The plaintiff is asking for a determination of wither (sic) is was the intent of the defendant to violate the Plaintiff's rights by seeking and or being complicit in the protection order." (DE # 68 at 1.) In essence, Strauss claims that he seeks redress for the false information that Huffman allegedly supplied to the state court. The

5

Seventh Circuit has routinely found that such claims are barred by *Rooker-Feldman*. *See e.g. Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020); *Swartz*, 940 F.3d at 390; *Mains v. Citibank, N.A.*, 852 F.3d 669, 677 (7th Cir. 2017); *Harold v. Steel*, 773 F.3d 884, 886–87 (7th Cir. 2014). Because no injury occurred until the state court ruled against Strauss and entered the order of protection, Huffman's allegedly false statements to the court cannot be separated from the resulting order, and Strauss' claim against Huffman is barred by the *Rooker-Feldman* doctrine.

**IV. CONCLUSION**

For the foregoing reasons, the court **GRANTS** defendant Shannon Huffman's motion to dismiss. (DE # 42.)

**SO ORDERED.**

Date: September 4, 2020

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT